IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Eastern Division

SADIE COLON, Individually and as
Personal Representative of the Estate of
Her Minor Child, A.C., and GLENROY
CRANSTON,

                Plaintiff,

v.

FISHER-PRICE, INC., MATTEL,
INC., and WALMART INC.

                Defendants.

Case No.:  1:22-cv-10984

## **DEFENDANTS FISHER-PRICE, INC.'S, MATTEL, INC.'S, AND WALMART INC.'S, NOTICE OF REMOVAL**

Defendants Fisher-Price, Inc., Mattel, Inc., and Walmart Inc. (collectively, the "Defendants"), by and through their undersigned attorneys, file this Notice of Removal and remove this case from the Superior Court for Barnstable County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division, under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendants state as follows:

1.    On or about April 5, 2022, Sadie Colon, individually and as personal representative of the estate of her minor child, A.C. and Glenroy Cranston, filed a Complaint in the Superior Court for Barnstable County, Massachusetts, naming Defendants Fisher-Price, Inc., Mattel, Inc., Walmart Inc., (collectively, "Defendants"),

case number 2272CV00127. A complete copy of all state court filings, including Plaintiff's Complaint, are attached as **Exhibit 1.**

2.       On June 3, 2022, Plaintiff served their Complaint on Walmart Inc. by a process server to Walmart Inc.'s registered agent CT Corporation System, located in Boston, Massachusetts. (**Exhibit 2**).

3.       On June 3, 2022, Plaintiff served their Complaint on Mattel, Inc. by a process server to Mattel, Inc.'s registered agent CT Corporation System, located in Boston, Massachusetts. **(Exhibit 3)**.

4.       On June 3, 2022, Plaintiff attempted to serve their Complaint on Fisher-Price, Inc. by a process server to CT Corporation System, located in Boston, Massachusetts. **(Exhibit 4)**. CT Corporation System rejected this service attempt as it is not the registered agent for Fisher-Price, Inc. in Massachusetts. (**Exhibit 5**). Nevertheless, Fisher-Price, Inc. accepts service of Plaintiff's Complaint. By accepting service, Fisher-Price, Inc. does not waive, and expressly reserves, any and all claims or defenses.

5.       Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service of the Complaint upon the Defendants.  Since the Defendants are filing this Notice on June 23, 2022, removal is timely.

6.       The time for the Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

7.       Concurrent with the filing of this Notice, the Defendants are serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Superior Court of Barnstable County, Massachusetts.

**Venue and Jurisdiction**

8. Under 28 U.S.C. § 1441, removal is proper if the district court to which the case is removed has original subject matter jurisdiction of the action.

9. This Court has original subject matter jurisdiction over this case because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . [c]itizens of different States."). This case can therefore be removed to the United States District Court for the District of Massachusetts, Eastern Division.

10. Venue is proper in this Court under 28 U.S.C. §§ 127(a) and 1441(a) because the United States District Court for the District of Massachusetts, Eastern Division, is the federal judicial district and division embracing the Superior Court of Barnstable County, Massachusetts, where this action was originally filed.

**DIVERSITY OF CITIZENSHIP**

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Complete diversity exists between the parties to this action.

13. Plaintiff, Sadie Colon, is a resident of South Yarmouth, County of Barnstable, Commonwealth of Massachusetts. (Pl. Compl. ¶ 2).

14. Plaintiff, Glenroy Cranston, is a resident of South Yarmouth, County of Barnstable, Commonwealth of Massachusetts. (Pl. Compl. ¶ 3).

15. Defendant Walmart Inc. states that it is now, and was at the time of the commencement of this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas. Under 28 U.S.C. § 1332(c)(1), Walmart Inc. is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Massachusetts.

16. Defendant, Mattel, Inc. ("Mattel") is now, and was at the time of the commencement of this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in California. (Pl. Compl. ¶ 5). Under 28 U.S.C. § 1332(c)(1), Mattel is therefore deemed to be a citizen of Delaware and California and not a citizen of Massachusetts.

17. Defendant, Fisher-Price, Inc. ("Fisher-Price") is now, and was at the time of the commencement of this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in New York. (Pl. Compl. ¶ 4). Under 28 U.S.C. § 1332(c)(1), Fisher-Price is therefore deemed to be a citizen of Delaware and New York and not a citizen of Massachusetts.

18. Based on the above, Plaintiffs and Defendants are thus "citizens of different States" for purposes of subject matter jurisdiction as Plaintiffs are citizens of Massachusetts and no Defendant is a citizen of Massachusetts. 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

19. Under 28 U.S.C. § 1332, removal based on diversity of citizenship is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

20. The amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs.

21. Here, Plaintiffs' statement of damages demands judgment against the Defendants in the sum of $49,750,000.00 in damages, well above the requisite $75,000.00 threshold. **(Exhibit 6)**.

22. Based on the Plaintiffs' specification of damages sought in their statement of damages, the Defendants have shown by a preponderance of the evidence that the amount in controversy as pleaded exceeds the $75,000 jurisdictional threshold. *Cintron v. Jetblue Airways Corp.*, 324 F. Supp. 3d 248, 251 (D. Mass. 2018) (maintaining subject matter jurisdiction based on diversity in part because the amount of controversy in plaintiff's statement of damages exceeded $75,000).

23. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(b), all defendants who have been joined and served must consent to removal. By filing this Notice, Defendants Fisher-Price, Inc., Mattel, Inc. and Walmart Inc. all consent to this removal.

WHEREFORE, Defendants Fisher-Price, Inc., Mattel, Inc., and Walmart Inc. hereby remove the above-captioned matter, now pending in the Superior Court of

Barnstable County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division.

Dated:  June 23, 2022

                    Respectfully submitted,

                    */s/James M. Vant*
                    James M. Vant
                    Mass Bar No.: 653616
                    **GREENBERG TRAURIG, LLP**
                    One International Place
                    Suite 2000
                    Boston, MA 02110
                    Tel.: (617) 310-6094
                    Fax: (617) 310-6001
                    Email: vantj@gtlaw.com

                    Lori G. Cohen (*pro hac vice forthcoming*)
                    Brandon D. Cox (*pro hac vice forthcoming*)
                    Bardia Sanjabi (*pro hac vice forthcoming*)
                    **GREENBERG TRAURIG, LLP**
                    The Terminus
                    3333 Piedmont Road, N.E.
                    Suite 2500
                    Atlanta, GA 30305
                    Tel.: (678) 553-2100
                    Fax: (678) 553-2212
                    Email:   cohenl@gtlaw.com
                    Email:   coxb@glaw.com
                    Email:   sanjabib@gtlaw.com

                    Mary-Olga Lovett *(pro hac vice forthcoming)*
                    **GREENBERG TRAURIG, LLP**
                    1000 Louisiana Street, Suite 1700
                    Houston, TX 77002
                    Telephone: (713) 374-3541
                    Facsimile: (713) 754-7541
                    Email: lovettm@gtlaw.com

                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022, I served the foregoing document by electronic mail and U.S. mail to the following:

Leo V. Boyle
Peter J. Ainsworth
Robert F. Foster
Meehan, Boule, Black, & Bogdanow, P.C.
100 Cambridge Street, Suite 2101
Boston, MA 02114
Tel.: (617) 523-8300
Email: lboyle@meehanboyle.com
Email: painsworth@meehanboyle.com
Email: rfoster@meehanboyle.com

*Attorneys for Plaintiff*

/s/James M. Vant
Attorney for Defendants