# EXHIBIT 1

## 2272CV00127 Sadie Colon Her Minor Child, A.c. et al vs. Fisher-Price, Inc. et al



- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 04/05/2022
- DCM Track:
- A - Average
- Initiating Action:
- Wrongful Death - Non-medical, G.L.c.229, §2A
- Status Date:
- 04/05/2022
- Case Judge:
- 
- Next Event:



| All Information | Party | Tickler | Docket | Disposition |

### Party Information

**Colon, Sadie**
- Plaintiff

| Alias | Party Attorney |
|-------|----------------|
| | Attorney<br>Ainsworth, Esq., Peter J<br>Bar Code<br>658704<br>Address<br>Meehan, Boyle, Black and Bogdanow, P.C.<br>100 Cambridge St<br>Suite 2101<br>Boston, MA 02114<br>Phone Number<br>(617)523-8300<br>Attorney<br>Boyle, Esq., Leo V<br>Bar Code<br>052700<br>Address<br>Meehan, Boyle, Black and Bogdanow, P.C.<br>100 Cambridge St<br>Suite 2101<br>Boston, MA 02114<br>Phone Number<br>(617)523-8300<br>Attorney<br>Foster, Esq., Robert<br>Bar Code<br>697532<br>Address<br>Meehan Boyle Black Bogdanow<br>100 Cambridge St<br>Suite 2101<br>Boston, MA 02114<br>Phone Number<br>(617)523-8300 |

**More Party Information**

**Cranston, Glenroy**
- Plaintiff

| Alias | Party Attorney |
|-------|----------------|
| | Attorney<br>Ainsworth, Esq., Peter J<br>Bar Code<br>658704<br>Address |

- Meehan, Boyle, Black and Bogdanow, P.C.
  100 Cambridge St
  Suite 2101
  Boston, MA  02114
- Phone Number
- (617)523-8300
- Attorney
- Boyle, Esq., Leo V
- Bar Code
- 052700
- Address
- Meehan, Boyle, Black and Bogdanow, P.C.
  100 Cambridge St
  Suite 2101
  Boston, MA  02114
- Phone Number
- (617)523-8300
- Attorney
- Foster, Esq., Robert
- Bar Code
- 697532
- Address
- Meehan Boyle Black Bogdanow
  100 Cambridge St
  Suite 2101
  Boston, MA  02114
- Phone Number
- (617)523-8300

**More Party Information**

---

**Colon, Sadie**
- Plaintiff

| Alias | **Party Attorney** |
|---|---|
| | - Attorney |
| | - Ainsworth, Esq., Peter J |
| | - Bar Code |
| | - 658704 |
| | - Address |
| | - Meehan, Boyle, Black and Bogdanow, P.C. |
| | 100 Cambridge St |
| | Suite 2101 |
| | Boston, MA  02114 |
| | - Phone Number |
| | - (617)523-8300 |
| | - Attorney |
| | - Boyle, Esq., Leo V |
| | - Bar Code |
| | - 052700 |
| | - Address |
| | - Meehan, Boyle, Black and Bogdanow, P.C. |
| | 100 Cambridge St |
| | Suite 2101 |
| | Boston, MA  02114 |
| | - Phone Number |
| | - (617)523-8300 |
| | - Attorney |
| | - Foster, Esq., Robert |
| | - Bar Code |
| | - 697532 |
| | - Address |
| | - Meehan Boyle Black Bogdanow |
| | 100 Cambridge St |
| | Suite 2101 |
| | Boston, MA  02114 |
| | - Phone Number |
| | - (617)523-8300 |

**More Party Information**

---

**Fisher-Price, Inc.**
- Defendant

| Alias | Party Attorney |
|---|---|

**More Party Information**

---

**Mattel, Inc.**
- Defendant

| Alias | Party Attorney |
|---|---|

**More Party Information**

| Walmart Inc.<br>- Defendant | |
|---|---|
| Alias | Party Attorney |
| | **More Party Information** |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 04/06/2022 | 07/05/2022 | 90 | |
| Answer | 04/06/2022 | 08/04/2022 | 120 | |
| Rule 12/19/20 Served By | 04/06/2022 | 08/04/2022 | 120 | |
| Rule 12/19/20 Filed By | 04/06/2022 | 09/06/2022 | 153 | |
| Rule 12/19/20 Heard By | 04/06/2022 | 10/03/2022 | 180 | |
| Rule 15 Served By | 04/06/2022 | 05/31/2023 | 420 | |
| Rule 15 Filed By | 04/06/2022 | 06/30/2023 | 450 | |
| Rule 15 Heard By | 04/06/2022 | 06/30/2023 | 450 | |
| Discovery | 04/06/2022 | 03/26/2024 | 720 | |
| Rule 56 Served By | 04/06/2022 | 04/25/2024 | 750 | |
| Rule 56 Filed By | 04/06/2022 | 05/27/2024 | 782 | |
| Final Pre-Trial Conference | 04/06/2022 | 09/23/2024 | 901 | |
| Judgment | 04/06/2022 | 04/07/2025 | 1097 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 04/05/2022 | Complaint electronically filed. | 1 | Image |
| 04/05/2022 | Civil action cover sheet filed. | 2 | Image |
| 06/17/2022 | Service Returned for<br>Defendant Fisher-Price, Inc.: Service via resident agent;<br><br>Ross Depina at CT Corporation on 6/3/2022 | 3 | Image |
| 06/17/2022 | Service Returned for<br>Defendant Mattel, Inc.: Service via resident agent;<br><br>Ross Depina at CT Corporation on 6/3/2022 | 4 | Image |
| 06/17/2022 | Service Returned for<br>Defendant Walmart Inc.: Service via resident agent;<br><br>Ross Depina at CT Corporation on 6/3/2022 | 5 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                                    SUPERIOR COURT

SADIE COLON, Individually and as Personal
Representative of the Estate of Her Minor Child,
A.C., and GLENROY CRANSTON,

                                    Plaintiffs,            CIVIL ACTION
v.                                                                 NO:

FISHER-PRICE, INC., MATTEL, INC., and
WALMART INC.,

                                 Defendants.

## **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

1. This wrongful death action arises out of the tragic death of A.C., the minor daughter of the Plaintiffs, Sadie Colon and Glenroy Cranston. In the early morning of April 9, 2019, A.C., a healthy and beautiful seven-week-old baby girl, died as a result of positional asphyxiation while lying next to her mother in a Rock 'N Play Sleeper. The Defendants negligently designed, manufactured, marketed and/or sold the Rock 'N Play Sleeper that caused A.C.'s death. The Rock 'N Play Sleeper was marketed and sold for approximately ten years as suitable and safe for infant sleep, until Fisher-Price, Inc. and Mattel, Inc. were forced to recall the product on April 12, 2019, just three days after A.C.'s untimely death. This action is brought to compensate A.C.'s next of kin for their loss, to deter the type of wrongful conduct that caused her death and to prevent similar incidents from happening in the future.

## **PARTIES**

2. Plaintiff, Sadie Colon, was the mother of the decedent, A.C., and is the duly-appointed Personal Representative of her Estate. The Plaintiff is and was at all relevant times a resident of South Yarmouth, County of Barnstable, Commonwealth of Massachusetts.

3. Plaintiff, Glenroy Cranston, was the father of the decedent, A.C., and is husband to plaintiff, Sadie Colon. Mr. Cranston is a resident of South Yarmouth, County of Barnstable, Commonwealth of Massachusetts.

4. Defendant, Fisher-Price, Inc. ("Fisher-Price"), is a Delaware corporation with its principal place of business in East Aurora, County of Erie, State of New York. At all relevant times, Defendant Fisher-Price designed, manufactured, distributed, marketed, advertised, labeled and sold products for the care of infants and preschool children, including the subject Rock 'N Play Sleeper.

5.  Defendant, Mattel, Inc. ("Mattel"), is a Delaware corporation with its principal place of business in the City of El Segundo, County of Los Angeles, State of California. Mattel is the world's largest toy maker and the parent corporation of Fisher-Price. Mattel, until April 12, 2019, directly and/or through Fisher-Price, designed, manufactured, distributed, marketed, advertised, labeled and sold products for the care of infants and preschool children, including the subject Rock 'N Play Sleeper.

6.  Defendant, Walmart Inc. ("Walmart"), is a Delaware corporation with its principal place of business in the City of Bentonville, County of Benton, State of Arkansas. Plaintiff purchased the subject Rock 'N Play Sleeper from Walmart Inc.'s store located at 15 Tobey Road, Town of Wareham, County of Plymouth, Commonwealth of Massachusetts.

## JURISDICTION

7.  Plaintiffs' causes of action against the foreign Defendants arise from Defendants:

   a.  transacting business in the Commonwealth of Massachusetts;
   b.  contracting to supply services or things in the Commonwealth of Massachusetts;
   c.  causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
   d.  causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

## FACTUAL BACKGROUND

*The Incident*

8.  A.C. was born on February 12, 2019, at Cape Cod Hospital, and was discharged after an uneventful nursery stay. She was followed by her pediatrician, Dr. Keseli of Briarpatch Pediatrics, after her birth and was in perfect health. She had no medical issues, respiratory or otherwise. She was a beautiful, bubbly and interactive baby girl and was adored by her parents. They were attentive and concerned parents, and they are devastated by her loss.

9.  On or about the night of April 8, 2019, at approximately 9:00 p.m., plaintiff Sadie Colon put A.C. down for bed next to her in the Rock 'N Play Sleeper she had purchased shortly before her birth at the Walmart store in Wareham, Massachusetts. Ms. Colon woke in the early morning hours of April 9, 2019, at approximately 2:00 a.m., to feed A.C., before putting her back down to bed in the Sleeper.

10. At approximately 6:00 a.m. on April 9, 2019, Ms. Colon awoke and, to her horror, found A.C. unresponsive. The family immediately called 911, and emergency responders were at the house within minutes. Tragically, they were unable to resuscitate A.C., and she was rushed to Cape Cod Hospital where she was immediately pronounced dead.

11. Plaintiff Glenroy Cranston rushed to the hospital and learned that A.C. had passed. Mr. Cranston and Ms. Colon were then brought in to see their daughter so that they could say goodbye.

12. An autopsy was performed the following day, identifying the cause of death as "sudden death of infant while sleeping in Rock 'N Play Sleeper."

13. Ms. Colon had been sleeping next to A.C. when she stopped breathing and died.  When she awoke, she could tell A.C. had died by her color and positioning in the Sleeper.  She will be haunted by these images and the fact that she had continued to sleep peacefully while her daughter perished within arm's reach.

*History of the Rock 'N Play Sleeper*

14. The Fisher-Price Rock 'n Play Sleeper is an inclined infant "sleeper" that was marketed and sold for ten years as suitable for safe infant sleep, including prolonged and overnight sleep, until Defendants Fisher-Price and Mattel were forced to recall the product on April 12, 2019. As set forth below, inclined sleepers, including the Rock 'n Play Sleeper, are unsuitable for infant sleep and, in fact, are mortally dangerous because they essentially force infants' heads into a position where their chins drop to their chests, compromising their airways.  Newborns are especially susceptible to this risk, when they lack the strength to lift their heads and re-open their airways.

15. The marketing of the product as safe for prolonged and overnight sleep was intentional and overt. Not only is "Sleeper" in the name of the product, but the boxes in which the Rock 'N Play Sleeper was sold, and other materials used to promote them, prominently exclaim, "Baby can sleep at a comfortable incline all night long!" and made similar statements about its fitness for nighttime sleep. This marketing was dangerously false and misleading, as the product is not safe for sleep, including prolonged and overnight sleep.

16. Defendants Fisher-Price and Mattel designed and marketed this product that they knew was dangerous if used as intended, and continued to do so for more than a decade while the foreseeable deaths and injuries from the product piled up and while other countries outlawed the product.

17. These deaths were entirely foreseeable to the Defendants when they developed and introduced the Sleeper approximately ten years before A.C.'s death. At the time it was introduced in 2009, studies had led to the conclusion, widely publicized, that the only safe way for a baby to sleep was flat on its back on a firm mattress without any blankets or other items.

18. Fisher-Price and Mattel failed to take adequate steps to ensure that the Sleeper was safe, ignored warnings and evidence that the Sleeper was unsafe, and marketed the Sleeper for overnight sleep despite evidence that sleeping at an incline posed a serious risk of injury or death to infants.

19. In the early 1990s, infant sleep positioning was identified as one of the leading causes of sudden infant death, and as early as 1994, leading child health organizations began recommending that infants should only be put to sleep flat on their backs. The National Institutes of Health and the American Academy of Pediatricians ("AAP") collaborated to develop the "Back to Sleep" campaign, emphasizing the importance of placing infants on their backs to sleep.

20. Nonetheless, in the face of well-documented and accepted medical authority that infants should not be placed for sleep in inclined devices, Defendants Fisher-Price and Mattel developed the Sleeper with a 30-degree incline and proceeded to deceptively market and sell the product as safe for infant sleep for years.

21. There is overwhelming evidence that Defendants Fisher-Price and Mattel knew of the risk of death presented by the Sleeper's design, knew of the growing level of concern about the dangers of the Sleeper over the years that they marketed and sold the product, and knew by the time that Ms. Colon purchased the subject Sleeper that killed A.C. that dozens of infants had been killed as a result of the Sleeper's dangerously defective design.

22. Prior to Ms. Colon's purchase, numerous lawsuits had already been filed in connection with injuries and deaths caused by the Rock 'N Play Sleeper.

23. In 2011, Australian authorities notified Fisher Price that the product should not be sold as a sleeper given the expert recommendations on safe sleep for infants, noting a specific concern about positional asphyxia.

24. Canadian authorities notified Fisher-Price of the same concerns in 2011, stating that the Rock 'N Play Sleeper did not comply with sleep recommendations made by Health Canada, which were consistent with AAP recommendations. As a result, the marketing materials and the name of the product were changed in Canada and the product was then sold as the "Rock 'N Play Soothing Seat."

25. Unlike the Rock 'N Play sold in the U.S., still the same exact product, the warnings for the "soothing seat" directed parents not to use the soother for sleep due to the risk of death.

26. In this same time frame, the Mattel Product Integrity, Quality and Safety Operating Procedure for the product was revised to advise parents that the Rock 'N Play Sleeper was "not intended to replace a crib or bassinet for prolonged sleep." Later in 2011, however, that language was removed.

27. Fisher-Price and Mattel attempted to fend off efforts to ban the product or prevent it from being marketed as a "sleeper," lobbying congress and manipulating the ASTM standards development process.

28. Despite knowing that the Rock 'N Play posed a risk of death to infants when used as a sleeper, and long after they had stopped selling it entirely in at least one country, Australia, and stopped marketing it as a sleeper in another, Canada, the Defendants continued to market it as a sleeper right over the border in the United States.

29. The box graphics for the Rock 'N Play emphasized that it was safe for use for prolonged sleep. Among other things, the box graphics stated such things as:

- "Baby can sleep at a comfortable incline all night long!"
- "Nighttime sleeper and playtime seat!"
- "Extra plush fabrics for extra-comfy sleep."
- "Adjustable sleep for all-night sleep."
- "Incline or Recline – Choose the position that baby likes best."

30. The online descriptions for the product were equally false and misleading:

- "The inclined seat helps baby sleep all night long."
- "An extra-deep seat helps baby sleep all night long."
- "An inclined baby seat that helps little ones sleep all naptime or nighttime long."
- Parents and babies "both could be sleeping in no time."

Videos on the Defendants' webpages were equally misleading. In at least one, both parent and baby are shown sleeping.

31. Parents of newborns, including the plaintiff, reached for the Rock 'N Play Sleeper on store shelves because of their reliance on Fisher-Price and Mattel's alleged dedication to the safety of their precious new baby. Their faith in Fisher-Price was clearly based on an illusion created by marketing efforts and attempts to undermine the world-wide efforts to reduce SIDS deaths.

32. Fisher-Price and Mattel also engaged in false and misleading behavior by producing and including with the Rock 'N Play product manuals and warning labels that were inaccurate and incomplete. Despite warning buyers of materially identical rockers that the higher sitting inclines of those products could kill infants through positional asphyxia, they failed to provide the same warnings for the Rock 'N Play.

33. Defendants Fisher-Price and Mattel knowingly, intentionally and callously designed, manufactured, marketed and sold the Rock 'N Play Sleeper, a product that was dangerous and defective if used for its intended use, and which directly and proximately caused the untimely death of Ms. Colon's baby girl, A.C. Her death was a needless and completely avoidable tragedy for which the Defendants are directly liable.

### COUNT I

**WRONGFUL DEATH – NEGLIGENCE / GROSS NEGLIGENCE**
**SADIE COLON, as Personal Representative of the Estate of Her**
**Minor Child, A.C. v. Fisher-Price, Inc. and Mattel, Inc.**

34. Plaintiffs incorporate and reassert paragraphs 1 - 33 above as if set forth fully herein.

35. Defendants Fisher-Price and Mattel owed a duty of reasonable care to the general public, including Plaintiff Sadie Colon, when they designed, manufactured, assembled, inspected, tested, marketed, placed into the stream of commerce and sold the Rock 'N Play Sleeper, to protect users from an unreasonable risk of harm, including death, when using the product for its intended purpose.

36. Defendants Fisher-Price and Mattel breached this duty by designing, manufacturing, assembling, inspecting, testing, marketing, distributing and selling the Rock 'N Play Sleeper in a defective and unreasonably dangerous condition, including its foreseeable risk of harm, including death, caused by positional asphyxia.

37. Defendants Fisher-Price and Mattel knew or should have known of the dangerous and defective nature of the product, yet failed to acknowledge, and in fact intentionally ignored and lobbied against, well-accepted medical authority advising that the design of the Rock 'N Play Sleeper posed a danger of serious injury and death to infants when used for its intended purpose.

38. Defendants Fisher-Price and Mattel were negligent, grossly negligent, careless and/or reckless by callously disregarding appropriate design procedures and blatantly ignoring safety guidelines regarding safe infant sleep.

39. Defendants Fisher-Price were negligent, grossly negligent, careless and/or reckless in advertising, marketing, promoting, packaging and selling the Rock 'N Play Sleeper as safe for infant sleep, despite substantial and mounting evidence to the contrary.

40. As a direct and proximate result of the Defendants' breach of their duty of care as aforesaid, the plaintiff's decedent suffered from positional asphyxia caused by the Rock 'N Play Sleeper, which led to her untimely death. Her next of kin have been deprived of her love, services, protection, care, assistance, society, comfort, companionship, guidance, counsel, advice and financial assistance. Her family has incurred funeral, burial and other expenses related to her death and her next of kin and Estate have been deprived of the economic value of her capacity to earn money during the normal span of her life.

WHEREFORE, Plaintiff, Sadie Colon, as Personal Representative of the Estate of A.C., pursuant to the Massachusetts Wrongful Death Act, Mass. Gen. L. c. 229 § 2, prays that judgment be entered against Defendants in an amount that will fairly and adequately compensate A.C.'s next of kin for her death and award all other recoverable damages, including punitive damages, together with interest, costs, attorneys' fees and such other relief as may be appropriate.


## COUNT II

**BREACH OF WARRANTY**
**SADIE COLON, as Personal Representative of**
**the Estate of Her Minor Child, A.C. v. All Defendants**

41. Plaintiffs incorporate and reassert paragraphs 1 - 40 above as if set forth fully herein.

42. The Defendants were at all relevant times merchants that sold Rock 'N Play Sleepers and expressly and/or impliedly warranted to foreseeable users that the product and its component parts were merchantable, fit, safe and in the proper condition for the ordinary use for which it was intended and used.

43. The Defendants had reason to know the foreseeable and particular purpose for which the Sleeper would be used, and that the plaintiff was relying on Defendants' skills and judgment to furnish suitable goods for that purpose.

44. The Rock 'N Play Sleeper, its component parts, warnings and/or instructions, were sold by the Defendants to the Plaintiff in an unreasonably dangerous and defective condition, and therefore the product was not, in fact, merchantable, safe and fit for its ordinary, intended and foreseeable use as warranted.

45. As a direct and proximate result of the Defendants' breach of implied and/or express warranties as aforesaid, the plaintiff's decedent suffered from positional asphyxia caused by the Rock 'N Play Sleeper, which led to her untimely death. Her next of kin have been deprived of her love, services, protection, care, assistance, society, comfort, companionship, guidance, counsel, advice and financial assistance. Her family has incurred funeral, burial and other expenses related to her death and her next of kin and Estate have been deprived of the economic value of her capacity to earn money during the normal span of her life.

WHEREFORE, Plaintiff, Sadie Colon, as Personal Representative of the Estate of A.C., pursuant to the Massachusetts Wrongful Death Act, Mass. Gen. L. c. 229 § 2, prays that judgment be entered against Defendants in an amount that will fairly and adequately compensate A.C.'s next of kin for her death and award all other recoverable damages, including punitive damages, together with interest, costs, attorneys' fees and such other relief as may be appropriate.

## COUNT III

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### SADIE COLON v. All Defendants

46. Plaintiffs incorporate and reassert paragraphs 1 - 45 above as if set forth fully herein.

47. As a result of the Defendants' aforesaid negligence, gross negligence and breaches of warranty, plaintiff Sadie Colon awoke to find her seven-week-old daughter unresponsive, causing her to suffer severe emotional distress, including symptoms of physical harm caused by the mental distress.

WHEREFORE, Plaintiff, Sadie Colon, prays that judgment be entered against the Defendants in an amount which will fairly and adequately compensate her, including interest, costs, attorneys' fees and such other relief as the Court may deem appropriate.

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### GLENROY CRANSTON v. All Defendants

48. Plaintiffs incorporate and reassert paragraphs 1 - 47 above as if set forth fully herein.

49. As a result of the Defendants' aforesaid negligence, gross negligence and breaches of warranty, plaintiff Glenroy Cranston rushed to Cape Cod Hospital and came upon his seven-week-old daughter just after she was pronounced dead, causing him to suffer severe emotional distress, including symptoms of physical harm caused by the mental distress.

WHEREFORE, Plaintiff, Glenroy Cranston, prays that judgment be entered against the Defendants in an amount which will fairly and adequately compensate him, including interest, costs, attorneys' fees and such other relief as the Court may deem appropriate.

## COUNT V

### VIOLATION OF M.G.L. CH. 93A
### SADIE COLON, as Personal Representative of
### the Estate of Her Minor Child, A.C. v. All Defendants

50. Plaintiffs incorporate and reassert paragraphs 1 - 49 above as if set forth fully herein.

51. Defendants were at all relevant times engaged in the conduct of trade and commerce within the scope of M.G.L. c. 93A, § 9.

52. The wrongful acts of the Defendants, including their breaches of warranty, constitute a violation of M.G.L. c. 93A.

53. Defendants were on actual notice of the defective and unreasonably dangerous nature of the Rock 'N Play Sleeper, making their violations of Chapter 93A knowing and willful.

54. On or about June 15, 2021, counsel for the plaintiff served on all Defendants a written demand for relief pursuant to M.G.L. ch. 93A, § 9, making demand for settlement of plaintiff's claims based upon the aforementioned breaches of warranties, negligence, gross negligence, and unfair and deceptive trade practices.

55. To date, the Defendants have not made a settlement offer in response to plaintiff's demand, thereby entitling the plaintiff to judgment and to all damages authorized by statute.

WHEREFORE, Plaintiff, Sadie Colon, as Personal Representative of the Estate of A.C., demands judgment, including actual and multiple damages against the Defendants pursuant to M.G.L. ch. 93A, and costs and attorney's fees.

## <u>PLAINTIFFS' DEMAND FOR TRIAL BY JURY</u>

PLAINTIFFS DEMAND A TRIAL BY JURY ON EACH CLAIM ASSERTED AND, ON EACH DEFENSE, SO TRIABLE, AND FURTHER RESPECTFULLY DEMAND VOIR DIRE BY COUNSEL OF THE JURY VENIRE.

The Plaintiffs,

By Their Attorneys,

MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.

Leo V. Boyle, Esq.; BBO No. 052700
Peter J. Ainsworth, Esq.; BBO No. 658704
Robert F. Foster, Esq.; BBO No. 697532
100 Cambridge Street, Suite 2101
Boston, MA  02114
(617) 523-8300
lboyle@meehanboyle.com
painsworth@meehanboyle.com
rfoster@meehanboyle.com

DATED:        April 5, 2022

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|



| | | COUNTY | Barnstable Superior Court (Barnstable) |
|---|---|---|---|

| Plaintiff | Sadie Colon, Individually and as Personal Representative of the Estate of Her Minor Child, A.C., and Glenroy Cranston | Defendant: | Fisher-Price, Inc. |
|---|---|---|---|
| ADDRESS: | South Yarmouth, Massachusetts | ADDRESS: | East Aurora, New York |

| Plaintiff Attorney: | Peter Ainsworth | Defendant: | Mattel, Inc. |
|---|---|---|---|
| ADDRESS: | 100 Cambridge Street, Suite 2101, Boston, MA | ADDRESS: | El Segundo, California |

BBO: 658704

| Plaintiff Attorney: | Robert F. Foster | Defendant: | Walmart Inc. |
|---|---|---|---|
| ADDRESS: | 100 Cambridge Street, Suite 2101, Boston, MA | ADDRESS: | Bentonville, Arkansas |

BBO: 697545

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B08 | Wrongful Death - Non-medical | A | ☒ YES ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

| | |
|---|---|
| 1. Total hospital expenses | $2,000.00 |
| 2. Total doctor expenses | |
| 3. Total chiropractic expenses | |
| 4. Total physical therapy expenses | |
| 5. Total other expenses (describe below) | $2,000.00 |

Ambulance

Subtotal (1-5): **$4,000.00**

| | |
|---|---|
| B. Documented lost wages and compensation to date | |
| C. Documented property damages to date | |
| D. Reasonably anticipated future medical and hospital expenses E. Reasonably anticipated lost wages | |
| F. Other documented items of damages (describe below) | $45,750,000.00 |

Fatal injuries of minor, loss of consortium, punitive damages, emotional distress

TOTAL (A-F): **49,750,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:Plaintiff's decedent, minor A.C.,suffered fatal injuries as a result of the defendants' negligence and breach of warranty in connection with defective and unreasonably dangerous product; Plaintiffs Colon and Cranston suffered emotional distress as a result of defs' negligence .

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X | | Date: April 5, 2022 |
| --- | --- | --- |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

|  |
| --- |

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | | Date: April 5, 2022 |
| --- | --- | --- |

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   **TORT**   **CONTRACT**
MOTOR VEHICLE TORT       EQUITABLE RELIEF   **OTHER**)   **SS**

**BARNSTABLE, SS**

JUN 1 7 2022

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 2272CV00127

*Scott W. Nickerson, Clerk*

SADIE COLON, Individually and as Personal
Representative of the Estate of Her Minor
Child, A.C., and Glenroy Cranston

VS.

FISHER-PRICE, INC., MATTEL, INC. and WALMART INC.

## SUMMONS

To the above-named defendant :   Fisher-Price, Inc.

Peter J. Ainsworth, Esq., Leo V. Boyle,
You are hereby summoned and required to serve upon    Esq. and Robert F. Foster, Esq.,
MEEHAN, BOYLE, BLACK AND BOGDANOW, P.C.,
100 Cambridge St., Ste 2101, Boston, MA 02114 plaintiff's attorney, whose address is

_____, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

HEIDI E. BRIEGER
Witness, BARBARA ROUSE    **Esquire,** at Barnstable, the    20th

day of        May            , in the year of our Lord two thousand and   twenty-two.

*Scott W. Nickerson* Clerk

**NOTE:**  When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT**
**You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.**

22006011

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

**June 6, 2022**

I hereby certify and return that on 6/3/2022 at 9:00 AM I served a true and attested copy of the Summons, Complaint, (2) Interrogatories, (2) Request for Production of Documents, Cover Sheet, and Tracking Order in this action in the following manner: To wit, by delivering in hand to Ross Depina,  agent and person in charge at the time of service for Fisher-Price, Inc, at 155 Federal Street Suite 700 c/o CT Corporation Systems Boston, MA 02110 .  Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff    Joseph Casey

*Joseph P Casey*

_____

*Deputy Sheriff*

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT     TORT
                        MOTOR VEHICLE TORT          EQUITABLE RELIEF     OTHER)

SUPERIOR COURT
BARNSTABLE, SS

# Commonwealth of Massachusetts

BARNSTABLE, ss.

JUN 17 2022

SUPERIOR COURT
No. 2272CV00127

Scott W. Nickerson, Clerk

SADIE COLON, Individually and as Personal
Representative of the Estate of Her Minor
Child, A.C., and Glenroy Cranston

VS.

FISHER-PRICE, INC., MATTEL, INC. and WALMART INC.

## SUMMONS

To the above-named defendant:     Mattel, Inc.

You are hereby summoned and required to serve upon ................. Peter J. Ainsworth, Esq.,

Leo V. Boyle, Esq. and Robert F. Foster ........................ plaintiff's attorney, whose address is
      MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.,
............... 100 Cambridge Street, Suite 2101, Boston, MA, 02114 ..................., an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,   HEIDI E. BRIEGER
           ~~XXXXXXXXXXXXXXXXX~~   **Esquire,** at Barnstable, the ............... 20th

day of ............... May ..............., in the year of our Lord two thousand and ....... twenty-two.

_Scott W. Nickerson_ Clerk

**NOTE:**   When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

22006012

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

**June 6, 2022**

**I hereby certify and return that on 6/3/2022 at 9:00 AM I served a true and attested copy of the Summons, Complaint, (2) Interrogatories, (2) Request for Production of Documents, Cover Sheet, and Tracking Order in this action in the following manner: To wit, by delivering in hand to Ross Depina,  agent and person in charge at the time of service for Mattel, Inc,, at 155 Federal Street Suite 700 Corporation Service Company Boston, MA 02110 .  Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($23.90) Total: $60.20**

Deputy Sheriff     Joseph Casey

Joseph P Casey

*Deputy Sheriff*

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT   TORT
MOTOR VEHICLE TORT        EQUITABLE RELIEF   OTHER)

SUPERIOR COURT
BARNSTABLE, SS
FILED

# Commonwealth of Massachusetts

BARNSTABLE, ss.

JUN 1 7 2022

SUPERIOR COURT
No. 2272CV00127

*Scott W. Nickerson, Clerk*

SADIE COLON, Individually and as Personal
Representative of the Estate of Her Minor
Child, A.C., and GLENROY CRANSTON

VS.

FISHER-PRICE, INC., MATTEL, INC. and WALMART INC.

### SUMMONS

To the above-named defendant:   Walmart Inc.

You are hereby summoned and required to serve upon ...... Peter J. Ainsworth, Esq.,

Leo V. Boyle, Esq. and Robert F. Foster, Esq. ......... plaintiff's attorney, whose address is
MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.,
........ 100 Cambridge Street, Suite 2101, Boston, MA, 02114 ..............., an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

HEIDI E. BRIEGER
Witness, BARBARA XXXXXXX                        **Esquire**, at Barnstable, the ........ 20th

day of .......... May .........., in the year of our Lord two thousand and ...... **twenty-two.** ......

*Scott W. Nickerson* Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT**
You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

2200603

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

June 6, 2022

I hereby certify and return that on 6/3/2022 at 9:00 AM I served a true and attested copy of the Summons, Complaint, (2) Interrogatories, (2) Request for Production of Documents, Cover Sheet, and Tracking Order in this action in the following manner: To wit, by delivering in hand to Ross Depina,  agent and person in charge at the time of service for Walmart, Inc., at 155 Federal Street Suite 700 CT Corporation System Boston, MA 02110 .  Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff    Joseph Casey

Joseph P Casey

*Deputy Sheriff*