IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SADIE COLON, Individually and as
Personal Representative of the Estate of
Her Minor Child, A.C., and GLENROY
CRANSTON,

        Plaintiffs,

v.

FISHER-PRICE, INC., MATTEL, INC.,
and WALMART INC.

        Defendants.

Case No.: 1:22-cv-10984

## PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES

The Plaintiffs, Sadie Colon and Glenroy Cranston, pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule 26.4(a), hereby designate the following persons who may be called to give expert testimony at the trial of this matter:

**I.    DESIGNATED EXPERTS**

    **a.** Benjamin Hoffman, M.D., CPST-I, FAAP
        2235 NW Irving Street
        Portland, Oregon 97210

    b.  Erin M. Mannen, Ph.D.
        1910 University Drive ME-2085
        Boise, ID 83725

    c.  Ian Y. Noy, Ph.D., CPE
        8116 Bibiana Way, Suite 204
        Fort Myers, FL 33912

    d.  Alex K. Williamson, M.D.
        270-05 76th Ave #B68
        New Hyde Park, NY 11040

Plaintiffs further identify any and all experts designated by any other party to this action who have been deposed or are later deposed and reserve the right to call any non-designated experts

as rebuttal witnesses to address issues raised by expert witness(es) called by any other party to this action.

Plaintiffs further reserve the right to modify and/or supplement these designations, pursuant to Fed. R. Civ. P. 26(e), with respect to any new or additional information obtained subsequent to these disclosures or provided in the course of expert depositions, and in response to any expert designations made by the defendant(s). Plaintiffs will seasonably supplement their expert designations as required under Fed. R. Civ. P. 26 and L.R. D. Mass. 16.5 and 26.4.

Further, in addition to the expert witnesses designated herein, Plaintiffs reserve the right to call at trial and elicit expert testimony from treating physicians and healthcare providers who rendered treatment or care to and have familiarity with the Plaintiffs and/or their decedent.

## II. DISCLOSURES OF EXPERT OPINIONS

**a.** Benjamin Hoffman, M.D., CPST-I, FAAP

At the time of trial, Plaintiffs expect to offer the expert testimony of Benjamin Hoffman, M.D., CPST-I, FAAP, a board-certified pediatrician and nationally recognized expert in child injury prevention, who is currently a practicing pediatrician at Oregon Health and Science University (OHSU). Dr. Hoffman has over 25 years of experience in a variety of clinical roles and is president-elect of the American Academy of Pediatrics (AAP), where he has served in a leadership role since 2005 and as chair of the AAP's Council on Injury Violence and Poison Prevention since 2017. Dr. Hoffman's *curriculum vitae* is attached hereto as **Exhibit 1**.

Dr. Hoffman may be called to testify on issues within his expertise and consistent with his report, attached hereto as **Exhibit 2**, relating to the medical history, condition and treatment of Plaintiff Sadie Colon and of the decedent, A.C. Dr. Hoffman is expected to testify with respect to his extensive review of the case records in the death of A.C., including prenatal, delivery and post-partum medical care, subsequent pediatric care, and records detailing the events on the date of A.C.'s death. Dr. Hoffman is expected to testify regarding his extensive knowledge of the dangers of inclined sleep products, including the subject Fisher-Price Rock 'n Play Sleeper, gained through his years of experience as a pediatrician and leadership in the AAP, as well as its compliance (or lack thereof) with applicable AAP Sleep Guidelines. Dr. Hoffman is expected to offer an opinion regarding the causal connection between the Rock 'n Play Sleeper and A.C.'s death, and whether or not Ms. Colon's or A.C.'s medical history/condition, living/sleep environment, or epidemiological factors played any role in A.C.'s death. Dr. Hoffman is expected to testify, within a reasonable degree of medical probability, that A.C. was a previously healthy infant whose death was more likely than not caused by the design of the Rock 'n Play Sleeper, which placed A.C. at an inclined angle, thus increasing the risk of harm due to biomechanical factors and causing her to succumb to positional asphyxia and suffocation. Dr. Hoffman's compensation for his review and testimony is $500/hour. His full report is attached hereto as **Exhibit 2**.

b. Erin M. Mannen, Ph.D.

At the time of trial, Plaintiffs expect to offer the expert testimony of biomedical engineer Erin Mannen, Ph.D., Assistant Professor in the Mechanical and Biomedical Engineering Department at Boise State University and Director of the Boise Applied Biomechanics of Infants (BABI) Lab. Dr. Mannen has over 50 peer-reviewed publications related to biomechanics and is an active member of the Orthopaedic Research Society and the American Society of Biomechanics, where she was recently honored by her peers with the 2021 Early Career Achievement Award for her research in infant biomechanics. Dr. Mannen is uniquely qualified to serve as a biomechanics expert in this case, having led a 2018-2019 study funded by the United States Consumer Product Safety Commission (CPSC), conducting in-depth investigation reviews, product characterizations, and a peer-reviewed *in vivo* biomechanics research study regarding the impact of inclined surfaces and inclined sleep products on the body position, movement, and breathing of infants. Dr. Mannen's *curriculum vitae* is attached hereto as **Exhibit 3**.

Dr. Mannen is expected to testify on issues within her expertise and consistent with her report, attached hereto as **Exhibit 4**, relating to liability and causation, including but not limited to her extensive knowledge of the development, design, and pertinent characteristics of the Fisher-Price Rock 'n Play Sleeper, the biomechanical hazards posed by the defects and design of the Rock 'n Play Sleeper, and their role in the death of Plaintiff's decent, A.C. Specifically, Dr. Mannen is expected to testify, to a reasonable degree of biomechanical engineering probability, based on her education, training, and experience in the field, the results of her peer-reviewed *in vivo* CPSC study, her evaluation and examination of the subject product, and her review of discovery materials in this case, that the design of the Fisher-Price Rock 'n Play Sleeper resulted in a dangerous biomechanical position that causes positional asphyxiation and/or suffocation, such as in the case of A.C. Dr. Mannen's compensation for her study and testimony is $500/hour, with a minimum of 10 hours/day for deposition or trial testimony. Her full report is attached hereto as **Exhibit 4**.

c. Ian Y. Noy, Ph.D., CPE

At the time of trial, Plaintiffs expect to offer the testimony of human factors and ergonomics expert Ian Y. Noy, Ph.D., CPE, a consultant with over 40 years of experience in applied safety research, industrial engineering, behavioral sciences, and science management. Dr. Noy has particular expertise in cases involving personal injury or death arising from human-system failures, user interface design, and the efficacy (or lack thereof) of warning systems in alerting consumers and users to product hazards. Dr. Noy's *curriculum vitae* is attached hereto as **Exhibit 5**.

Dr. Noy is expected to testify on issues within his expertise and consistent with his report, attached hereto as **Exhibit 6**, regarding liability and causation, including but not limited to whether or not Fisher-Price complied with the widely accepted hazard control hierarchy in its development, design, and sale of the Rock 'n Play Sleeper, and whether the Sleeper's warning system adequately warned consumers and users about the inherent hazards of positional and mechanical asphyxiation. Dr. Noy is expected to testify that the Rock 'n Play's warning system was deficient insofar as the safety warnings were silent about the most insidious hazards, the statements provided were not adequately designed or verified through formal user trials to be conspicuous, were not shown to

be comprehensible, did not address consumer beliefs or motivations, and failed to adequately influence user safety behavior. Dr. Noy is expected to testify that the warning labels were neither conspicuous nor comprehensible, that the design of the warning system was incongruent with the voluminous body of scientific literature on warning system effectiveness, and that it failed to conform to the principles of effective warning design under authoritative national standards. Dr. Noy is expected to testify, to a reasonable degree of scientific certainty, that the Rock 'n Play's warning system was deficient in numerous respects, including the failure to warn about the hazards of positional and mechanical asphyxiation, even when used in a reasonably foreseeable manner as was the case in the death of A.C., thus rendering the product defective and unreasonably dangerous. Dr. Noy's compensation for his study and testimony is $500/hour. His full report is attached hereto as **Exhibit 6**.

    d.   Alex K. Williamson, M.D.

At the time of trial, Plaintiffs expect to offer the expert testimony of Alex K. Williamson, M.D., who is board-certified in Anatomic & Clinical Pathology, Forensic Pathology, and Pediatric Pathology. Dr. Williamson is a 1999 graduate of Harvard University and a 2004 graduate of Georgetown University School of Medicine, and currently practices as an attending pathologist at Northwell Health in New York and an Associate Professor in the Department of Pathology & Laboratory Medicine at the Zucker School of Medicine at Hofstra/Northwell. Dr. Williamson has performed approximately 1,500 autopsies on decedents of all ages in the hospital and forensic settings, including nearly 115 pediatric decedents, and has supervised a similar number of autopsies in the context of graduate medical education. Dr. Williamson's *curriculum vitae* is attached hereto as **Exhibit 7**.

Dr. Williamson is expected to testify on issues within his area of expertise and consistent with his report, attached hereto as **Exhibit 8**, relating to the decedent A.C.'s method, manner, and/or cause of death. Dr. Williamson is expected to testify regarding his review of A.C.'s medical history, the facts and circumstances surrounding her death, the postmortem examination of A.C., as well as his own review of pathology slides produced by the Massachusetts Office of the Chief Medical Examiner. Dr. Williamson is further expected to testify that A.C. was an 8-week-old female infant, was developmentally appropriate for her age, without significant macroscopic or microscopic pathology, with microbiology and toxicology that were essentially negative, and was found to display no evidence of trauma. Dr. Williamson is expected to testify, within a reasonable degree of medical certainty, based on his education, training, experience, and review of the documents and physical evidence provided in the case, that the most likely explanation for A.C.'s death is asphyxia caused by the Rock 'n Play Sleep environment.

Respectfully Submitted,
The Plaintiffs,
By Their Attorneys,

*/s/Robert F. Foster*
Peter J. Ainsworth, Esq., BBO No. 658704
painsworth@meehanboyle.com
Robert F. Foster, Esq., BBO No.
rfoster@meehanboyle.com
Leo V. Boyle, Esq., BBO No.
Lboyle@meehanboyle.com
100 Cambridge Street, Suite 2101
Boston, MA 02114
(T)  617-523-8300

# CERTIFICATE OF SERVICE

I, Robert F. Foster, counsel for the plaintiffs, certify that on August 10, 2023, I electronically transmitted the foregoing document to the Clerk's Office using CM/ECF System and served the foregoing document by electronic mail to the following:

>Lori G. Cohen (*pro hac vice*)
>Brandon D. Cox (*pro hac vice*)
>Bardia Sanjabi (*pro hac vice*)
>R. Brady Herman (*pro hac vice*)
>**GREENBERG TRAURIG, LLP**
>The Terminus
>3333 Piedmont Road, N.E.
>Suite 2500
>Atlanta, GA 30305
>Tel.: (678) 553-2100
>Fax: (678) 553-2212
>Email: cohenl@gtlaw.com
>Email: coxb@glaw.com
>Email: sanjabib@gtlaw.com
>
>James M. Vant
>Mass Bar No.: 653616
>**GREENBERG TRAURIG, LLP**
>One International Place
>Suite 2000
>Boston, MA 02110
>Tel.: (617) 310-6094
>Fax: (617) 310-6001
>Email: vantj@gtlaw.com
>
>
>Mary-Olga Lovett *(pro hac vice)*
>**GREENBERG TRAURIG, LLP**
>1000 Louisiana Street, Suite 1700
>Houston, TX 77002
>Telephone: (713) 374-3541
>Facsimile: (713) 754-7541
>Email: lovettm@gtlaw.com
>
>*Attorneys for Defendants*

/s/Robert F. Foster
Robert F. Foster